UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA DOTTERER, *individually and on behalf of all others similarly situated*<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Civil Action No: 1:24-cv-1097<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rhonda Dotterer (hereinafter, "Plaintiff") brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Midland Credit Management, Inc. ("Defendant"), individually and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.      Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of

debts" does not require "misrepresentation or other abusive debt collection practices." *Id*. at §§ 1692(b) & (c).

2.     Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* at § 1692(e). After determining that the existing consumer protection laws were inadequate, *see id*. at § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* at § 1692k.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 *et seq*. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Illinois, County of Woodford.

8.     Plaintiff is a "person" as the term is used in 15 U.S.C. § 1692d.

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA with an address for service in Illinois c/o Illinois Corporation Service Company located at 801 Adlai Stevenson Drive, Springfield, IL, 62703.

10. Upon information and belief, Defendant is a corporation that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. All individuals with addresses in the State of Illinois;

   b. Who received aa collection communication from Defendant;

   c. After the consumer had sent in a cease and desist letter regarding future communication;

   d. which communications were sent on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

13. The identities of all Class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Class, which common questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's communications to consumers, similar in form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692c.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in this litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's communications to consumers

       after creating a payment plan, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692c.

    c.    **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Class, have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d.    **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e.    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to March 1, 2023, a debt was allegedly incurred with Synchrony Bank ("Synchrony").

22. The alleged debt was incurred solely for personal, household or family purposes.

23. The alleged debt is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Defendant purchased this defaulted debt for the purpose of collecting the alleged debt.

25. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

27. Prior to March 1, 2023, Plaintiff sent Defendant a letter to cease and desist from further collection communications, pursuant to 15 U.S.C. § 1692c.

28. On March 1, 2023, Defendant sent a written communication to the Plaintiff, in violation of 15 U.S.C. § 1692c. A true and accurate copy of this letter is attached as Exhibit A, hereinafter "Letter."

29. In the Letter, Defendant's address the Plaintiff's request to cease communications: "Our records indicate that you have requested that we cease communications." *See* Exhibit A.

30. Pursuant to 15 U.S.C. § 1692c(c): "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . ."

31. Further under the law the Defendant may only communicate with the Plaintiff if they intend to invoke a specific remedy.

32. In this instance the letter states "Midland Credit Management, is now considering forwarding your account to an attorney in your state for possible litigation."

33. This statement is clearly not a definitive statement about invoking a specific remedy.

34. Furthermore, rather than just write this statement, the Defendant intended this letter to be a traditional collection letter, despite acknowledgement of the cease and desist as it includes payment information and an invitation to call to find out about further options.

35. Pursuant to 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

36. Accordingly, Defendant's conduct violated multiple provisions of the FDCPA.

37. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

38. The harms caused by the Defendant have a close relationship with various harms traditionally recognized as providing a basis for lawsuit in American courts.

39. As it relates to this case, the common-law analogues are to the traditional torts of fraud, negligent infliction of emotional distress, invasion of privacy, and nuisance.

40. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

41. Plaintiff suffered various emotional harms including, but not limited to, increased heartrate, difficulty with sleep, anxiety, and stress associated with communications she no longer wanted to receive.

42. Defendant's conduct demonstrated a reckless disregard for causing Plaintiff to suffer from emotional stress.

43. Defendant's violations were knowing, willful, negligent, and/or intentional, and Defendant did not maintain policies and procedures reasonably adapted to avoid any such violations.

44. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45. Defendant's communications further caused distress, embarrassment, humiliation, disruption, and other damages and consequences.

46. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be harassed or treated unfairly in connection with the collection of a debt.

47. Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with a legally protected right to not suffer an invasion of privacy in connection with the collection of a debt.

48. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over her funds.

49. In reliance on Defendant's conduct, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of debt collection informational furnishment, and ultimate dissemination, to third parties.

50. Based on Defendant's failure to communicate with Plaintiff, Plaintiff expended time, money, and resources to determine how to respond to Defendant's debt collection activities.

51. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692c *et seq.*

52. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692c.

54. Pursuant to 15 U.S.C. § 1692c(c): "If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . ."

55. Defendant violated 15 U.S.C. § 1692c:

   a. By continuing to send collection communications to the Plaintiff after she requested the Defendant to cease communications.

56. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692c *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e *et seq.*

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated the various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

59. Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60. Pursuant to 15 U.S.C. § 1692e(10), a debt collector violates the FDCPA when it uses "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

61. Thus, Defendant violated 15 U.S.C. § 1692e:

   a. By unfairly and unconscionably mailing collection communications to the Plaintiff after receiving a notice to cease and desist from such communications; and

  b. By failing to maintain policies and procedures that would prevent communications from being sent to Plaintiff who notified the Defendant to cease communications.

62. By reason thereof, Defendant is liable to Plaintiff and the Class for judgment in that Defendants' conduct violated 15 U.S.C. § 1692e *et seq.* of the FDCPA, and includes actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f** *et seq.*

63. Plaintiff repeats, reiterates, and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection efforts directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

65. Defendant violated 15 U.S.C. § 1692f:

  a. By unfairly and unconscionably mailing collection communications to the Plaintiff after receiving a notice to cease and desist from such communications; and

  b. By failing to maintain policies and procedures that would prevent communications from being sent to Plaintiff who notified the Defendant to cease communications.

11

66. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendants' conduct violated 15 U.S.C. § 1692f *et seq.* of the FDCPA, which includes actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

67. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Rhonda Dotterer, individually and on behalf of all other similarly situated, demands judgment from the Defendant as follows:

1. Declaring that this action is properly maintained as a Class Action and certifying the Plaintiff as Class Representative, and the undersigned Attorneys as Class Counsel;

2. Awarding the Plaintiff and the Class actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Awarding the Plaintiff and the Class statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Awarding the Plaintiff costs for this Action, including reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

5. Providing declaratory relief for the Plaintiff and the Class by stating that the Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and

6.       Awarding the Plaintiff and the Class any such other and further relief as this Court may deem just and proper.

Dated: February 28, 2024                                    Respectfully submitted,

**STEIN SAKS, PLLC**
*/s/ Yaakov Saks*
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: 201-282-6500
Fax: 201-282-6501
ysaks@steinsakslegal.com